IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAYLEI JOHNSON,
    Plaintiff,

vs.                                                          No. 20-2082-JTM

NORTON COUNTY HOSPITAL,
    *et al*.,
        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the motion to dismiss (Dkt. 14) of defendants Norton County Hospital and Norton County Hospital Board of Trustees. The defendants argue (Dkt. 15) that the court should dismiss one portion of plaintiff Shaylei Johnson's complaint — Count V, which advances a claim under the Kansas Act Against Discrimination (KAAD). While plaintiff filed discrimination charges with both the Kansas Human Rights Commission and the federal Equal Employment Opportunity Commission, only the latter has issued a right to sue letter.

The defendants are correct that in the absence of an exhaustion of administrative remedies, the court lacks subject matter jurisdiction over plaintiff's discrimination claims. *Schroder v. Runyon*, 1 F.Supp.2d 1272, 1276 (D. Kan. 1998). Further, as they note in their brief, the EEOC's issuance of a right to sue letter is not an exhaustion of administrative remedies for purposes of advancing a claim under the state KAAD. *See*

*Weber v. Bd. Of Cnty. Comm'rs of Chase Cnty.*, No. 14-1263-JAR, 2014 WL 5848971 at *1 (D. Kan. Nov. 12, 2014). Plaintiff Johnson has filed no timely response to defendants' motion.

Accordingly, the court grants the substance of defendants' motion for good cause shown and pursuant to D.Kan.R. 7.4, and dismisses the KAAD claim. However, the court denies defendants' request that the dismissal be with prejudice. A dismissal for lack of subject matter jurisdiction is a dismissal without prejudice. *See Abernathy v. Wandes*, 713 F.3d 538, 558 (10th Cir. 2013). This was the explicit result in the *Weber* action cited by defendants, and the same result should apply here.

IT IS ACCORDINGLY ORDERED this day of March, 2021, that the defendants' Motion to Dismiss (Dkt. 14) is granted such that Count V of the Complaint is dismissed without prejudice.

*J. Thomas Marten*
J. Thomas Marten, Judge