IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Shaylei Johnson,**

        **Plaintiff,**

v.                                                           Case No. 20-cv-2082-JWL

**Norton County Hospital et al.,**

        **Defendants.**

## MEMORANDUM & ORDER

This matter is presently before the court on the parties' motions in limine (docs. 113, 114). As set forth in more detail below, those motions are granted in part, denied in part, moot in part, and retained under advisement in part. Before turning to those motions, the court notes that many of the issues raised by the parties cannot be evaluated until trial because the motions are too broadly or vaguely phrased or the parties have not provided sufficient detail for the court to ascertain the context of the motion. Moreover, evidence that is admissible in connection with the testimony of one witness might not be admissible in connection with the testimony of another witness. For these reasons, if an issue arises at trial that is encompassed by the motions below, the parties should call it to the court's attention outside the presence of the jury so that the court can evaluate the admissibility of the evidence at that juncture and in connection with a specific line of questioning presented to a specific witness.

Plaintiff's Motion in Limine No. 2:

    **Denied.**

Plaintiff's Motion in Limine No. 3:

**Denied without prejudice and plaintiff may raise a contemporaneous objection at trial.**

Plaintiff's Motion in Limine No. 4:

**Denied**.

Plaintiff's Motion in Limine No. 5:

**Denied without prejudice.  To the extent either party seeks to introduce evidence that is inconsistent with the pretrial order or the court's summary judgment order, the opposing party must raise a contemporaneous objection at trial.**

Plaintiff's Motion in Limine No. 6:

**Denied.**

Plaintiff's Motion in Limine No. 7:

**Granted because defendants have not preserved any argument that plaintiff's termination was in any way related to past patient care.**

Plaintiff's Motion in Limine No. 8 and 9:

**Retained under advisement pending further discussion at the limine conference.**

Plaintiff's Motion in Limine No. 10:

**Granted because defendants have indicated that they do not intend to offer evidence that patient assessments must be done in person, only that it is preferable that patient assessments be done in person.  Defendants, then, may introduce evidence that in-person patient assessments are preferable to remote assessments.**

Plaintiff's Motion in Limine No. 11:

**Denied without prejudice and plaintiff may raise a contemporaneous objection at trial.**

Plaintiff's Motion in Limine No. 12:

**Denied without prejudice and plaintiff may raise a contemporaneous objection at trial.**

Plaintiff's Motion in Limine No. 13:

**Granted and applies to both parties**.

Plaintiff's Motion in Limine No. 14:

**Granted.**

Plaintiff's Motion in Limine No. 15:

**Retained under advisement pending further discussion at the limine conference.**

Plaintiff's Motion in Limine No. 16:

**Granted and applies to both parties**.

Plaintiff's Motion in Limine No. 17:

**Denied without prejudice and plaintiff may raise a contemporaneous objection at trial**.

Plaintiff's Motion in Limine No. 18:

**Denied as to evidence that plaintiff contacted an attorney prior to the termination of her employment.**

Plaintiff's Motion in Limine No. 19:

**Granted and applies to both parties.**

3

Plaintiff's Motion in Limine No. 20:

**Granted, but defendants may raise this issue at trial outside the hearing of the jury if they seek to offer or utilize a particular claim or allegation in a pleading.**

Plaintiff's Motion in Limine No. 21:

**Granted, but defendants may raise this issue at trial outside the hearing of the jury if they intend to pursue it.**

Plaintiff's Motion in Limine No. 22:

**Granted, but defendants may introduce evidence of the services they provide in the community.**

Plaintiff's Motion in Limine No. 23:

**Granted and applies to both parties.**

Plaintiff's Motion in Limine No. 24:

**Granted to the extent that a witness may not offer an opinion on the truthfulness of another witness but denied to the extent that a witness may contradict the testimony of another witness.**

Plaintiff's Motion in Limine No. 25:

**Granted and applies to both parties.**

Plaintiff's Motion in Limine No. 26:

**Granted and applies to both parties.**

Plaintiff's Motion in Limine No. 27:

**Granted, but defendants may introduce evidence of the services they provide in the community.**

Defendants' Motion in Limine No. 1:

**Retained under advisement pending further discussion at the limine conference.**

Defendants' Motion in Limine No. 2:

**Granted as to evidence concerning searches of plaintiff's email and computer usage after her termination and otherwise denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 3:

**Denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 4:

**Granted to the extent a lay witness may not testify as to a medical diagnosis but denied to the extent a lay witness may testify about symptoms.**

Defendants' Motion in Limine No. 5:

**Denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 6:

**Retained under advisement pending further discussion at the limine conference.**

Defendants' Motion in Limine No. 7:

5

**Denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 8:

**Granted to the extent that the jury will not hear any evidence concerning a dollar amount for future losses as this is an equitable issue for the court. However, some factual issues, such as whether plaintiff sufficiently mitigated her damages, may be pertinent to both a backpay award and a front pay award and evidence on those factual issues may necessarily be presented to the jury.** *See Hubbard v. Jefferson County Board of County Commr's*, 2018 WL 2976737, at *1 (D. Kan. 2018). **In that circumstance, the court would be bound by the jury's determinations of fact in formulating any award for front pay.** *See id.* **(citing** *Smith v. Diffee Ford-Lincoln-Mercury, Inc*.**, 298 F.3d 955, 965 (10th Cir. 2002)). For the parties' planning purposes, the court notes that it anticipates holding a brief evidentiary hearing concerning plaintiff's claim for equitable relief in the form of front pay while the jury is deliberating in this case.**

Defendants' Motion in Limine No. 9:

**Denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 10:

**Denied**.

Defendants' Motion in Limine No. 11:

**Granted and applies to both parties.**

Defendants' Motion in Limine No. 12:

**Retained under advisement pending further discussion at the limine conference.**

Defendants' Motion in Limine No. 13:

**Denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 14:

**Denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 15:

**Denied because plaintiff had not asserted any claim at the time defendants asked for the release and, as such, Rule 408 does not come into play.  *See Cassino v. Reichhold Chems., Inc*., 817 F.2d 1338 (9th Cir. 1987) (severance agreement offered at termination meeting is admissible where plaintiff had not asserted any claim at the time it was offered and policy behind Rule 408 was not implicated); *Holcombe v. Advanced Integration Technology*, 2019 WL 183926, at \*2 (E.D. Tex. Jan. 14, 2019) (refusing to exclude separation agreement under Rule 408 because there was no actual dispute at the time) (collecting cases); *D'Alosio v. EDAC Techs. Corp*., 2017 WL 1439663, at \*2 (D. Conn. Apr. 21, 2017) (evidence admissible when, contemporaneously with the notice of termination, the employee is asked to sign a waiver and release of all claims in order to receive severance pay)**.

Defendants' Motion in Limine No. 16:

**Retained under advisement pending further discussion at the limine conference.**

Defendants' Motion in Limine No. 17:

7

**Granted to the extent that plaintiff cannot offer evidence as to certification standards because there has been no suggestion that such standards played any role in the decision-making process at issue in this case.  Denied to the extent that plaintiff may introduce evidence about Ms. Dole if it relates whether and to what extent the essential functions of the Dietary Manager position included in-person patient assessments.**

Defendants' Motion in Limine No. 18:

**Granted to the extent that plaintiff cannot offer evidence as to legal requirements concerning the retention of and provision of services by registered dieticians.   Denied to the extent that plaintiff may introduce evidence about Ms. Bunnell if it relates whether and to what extent the essential functions of the Dietary Manager position included in-person patient assessments**.

Defendants' Motion in Limine No. 19:

**Granted.**

Defendants' Motion in Limine No. 20:

**Granted.**

Defendants' Motion in Limine No. 21:

**Retained under advisement pending further discussion at the limine conference.**

Defendants' Motion in Limine No. 22:

**Denied**.

Defendants' Motion in Limine No. 23:

**Denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 24:

**Denied without prejudice and defendants may raise a contemporaneous objection at trial**.

Defendants' Motion in Limine No. 25:

**Denied as to Joshua Johnson and otherwise retained under advisement pending further discussion at the limine conference.**

Defendants' Motion in Limine No. 26

**Moot because the parties have submitted only one deposition to be presented in lieu of live testimony.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion in limine (doc. 113) is granted in part, denied in part, moot in part and retained under advisement in part; and plaintiff's motion in limine (doc. 114) is granted in part, denied in part and retained under advisement in part.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge